IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO. 4:15-CV-125-FL

| | | |
|---|---|---|
| TRANSPORTATION IMPACT, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT** |
| v. | ) | **PROTECTIVE ORDER AND** |
| | ) | **ORDER UNDER RULE 502(d) OF** |
| DONOVAN MARINE, INC., d/b/a | ) | **THE FEDERAL RULES OF** |
| SOUTHERN MARINE, | ) | **EVIDENCE** |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Joint Motion of Transportation Impact, LLC ("Plaintiff") and Donovan Marine, Inc., d/b/a Southern Marine ("Defendant") (collectively, the "Parties" or, individually, a "Party"), requesting that the Court enter a protective order limiting the use, dissemination, and filing of certain documents and information in this action and requesting that the Court enter an Order under Federal Rule of Evidence 502(d). Plaintiff is a shipping consultant that uses its proprietary knowledge and information about the shipping industry to help its clients reduce their shipping costs. Defendant is a supplier of goods to the marine industry. In this case, Plaintiff intends to produce documents to the Defendant and offer evidence to this Court that concern the confidential details of Plaintiff's services to Defendant. Plaintiff contends that such documents and evidence constitute trade secrets and other confidential information that could be damaging to Plaintiff's business if they were publically disclosed. Similarly, Defendant also believes certain documents and evidence may contain confidential or proprietary information that could be damaging to its business if publically disclosed.

WHEREAS, to facilitate the production and receipt of information during discovery in this action, the Parties have consented to the entry of this Consent Protective Order and Order Under Rule 502(d) ("Order") for the protection of confidential and other sensitive information, whether in the form of documents, materials, objects, exhibits, information data, testimony, argument, discovery responses, or otherwise (collectively referred to as "Confidential Information"), produced or disclosed during the course of this action;

WHEREAS, the Parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain confidential, sensitive, or proprietary information;

WHEREAS, absent an order from the Court, under certain circumstances, the production of documents can operate as a waiver of confidentiality in this action and other federal or state proceedings;

WHEREAS, the Parties wish to expedite and facilitate the production of electronic and hard copy data, information and documents, subject to confidential treatment and without waiving confidentiality;

WHEREAS, Federal Rule of Civil Procedure 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way";

WHEREAS, this Court finds good cause to issue the Order.

IT IS HEREBY ORDERED as follows:

1. After carefully reviewing materials to segregate non-confidential information from Confidential Information, a Party (or a non-party producing information or testifying at a deposition) may designate any Confidential Information produced or furnished by that Party during the course of this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

    a. The designation of any information as CONFIDENTIAL shall constitute a representation by the designating Party or non-party and its counsel that they, in good faith, believe that:

        i. the designated information contains or constitutes at the time of the designation: (l) trade secrets or other information of a non-public nature considered by the designating Party or non-party to be commercially or personally sensitive, confidential and/or proprietary; or (2) other sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed sensitive by another Party or non-party; and

        ii. the entry of a protective order is necessary to protect the designating Party or non-party and to prevent the disclosure of the designated information to anyone other than those persons identified in Paragraph 4 below in order to avoid unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c).

    b. The designation of any information as CONFIDENTIAL-ATTORNEYS' EYES ONLY shall constitute a representation by the Party or non-party and its counsel that they, in good faith, believe that:

        i. the material so designated contains or constitutes at the time of the designation: (1) trade secrets or other information of a non-public nature considered by the

producing Party or non-party to be highly sensitive, confidential and/or proprietary because of its value as proprietary business or competitive information; or (2) other highly sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed highly sensitive by another Party or non-party; and

    ii.  the entry of a protective order is necessary to protect the designating Party or non-party and to prevent the disclosure of the designated information to anyone other than those persons identified in Paragraph 5 below in order to avoid unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c).

 Any designations made pursuant to this paragraph are to be reasonably limited in scope, subject matter, and time.

 2. Any Confidential Information, whether original or copy, that any Party or non-party designates CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY as defined in Paragraph 1 above shall be stamped with the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on each page of such document or shall be otherwise conspicuously marked with the appropriate designation prior to production. In lieu of marking the appropriate notation on the originals, the Party may mark the copies that are produced. If the entire document is designated, the designating Party may stamp the appropriate legend on the first page of the document and indicate that the designation applies to the whole document. All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information and providing the appropriate designation.

3. Any Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall not be publicly disclosed, discussed, or disseminated directly or indirectly except in accordance with the terms of this Order. Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened action or regulatory proceeding or for any other purpose whatsoever, unless lawfully obtained in that other proceeding. Except as expressly permitted herein or by further order of this Court, all Confidential Information shall be maintained and kept by the other Parties in this case in a manner consistent both with maintaining the confidentiality of the information and the intent of this Order. Confidential Information shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in Paragraphs 4 or 5 hereof.

4. The following persons shall be the only persons permitted to have access to information designated as CONFIDENTIAL, and such access shall be permitted subject to the limitations set forth below:

    a. Each counsel of record for a Party in this case, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that designated information be disclosed for purposes of this action, including secretaries, paralegals and document clerks.

    b. Each Party, and any current or former partner, member, director, officer, employee or agent of a Party who is requested by that Party or any of its attorneys to work on this action or testify at deposition or trial in this action or who requires the information to assist in or evaluate this action, provided they are advised of and bound by the provisions of this Order;

    c. Independent experts or consultants retained by counsel for the purpose of assisting in this action, including their staff to whom it is necessary that designated information

be disclosed for purposes of this action, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this action;

    d.    Any non-party witness in this action, and his or her counsel, may be provided with a copy of any designated information for his or her review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing in this action only to the extent necessary for such witness to testify in connection with this action, provided that neither the witness nor his or her counsel may take notes concerning the substance of the document(s) and that upon completion of the review the designated information shall be returned to counsel for the supplying Party;

    e.    The author of the designated information, any person identified as a recipient on its face, or any person who actually received it;

    f.    The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

    g.    Mediators and their staffs enlisted by all Parties to assist in the resolution of this action;

    h.    Outside commercial copying services; and

    i.    The Court and its personnel.

5.    The following persons shall be the only persons permitted to have access to information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY, and such access shall be permitted subject to the limitations set forth below:

    a.    The counsel of record for a Party in this case, including such lawyers' staff to whom it is necessary that designated information be disclosed for purposes of this action, including secretaries, paralegals and document clerks.

b. Independent experts or consultants retained by counsel for the purpose of assisting in this action, including their staff to whom it is necessary that materials be disclosed for purposes of this action, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this action and provided that such expert shall have no competitive or adverse interest to the designating Party or non-party or pose no risk of disclosure to an individual or entity having a competitive or adverse interest to the designating Party or non-party;

c. The author of the designated information, any person identified as a recipient on its face, or any person who actually received it;

d. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

e. Mediators and their staffs enlisted by all Parties to assist in the resolution of this action;

f. Outside commercial copying services; and

g. The Court and its personnel.

6. All persons receiving any Confidential Information under Paragraphs 4(c), 4(d) or 5(b) above shall be required to sign the attached Acknowledgment that reflects their commitment to preserve the confidentiality of all designated information. Counsel for each Party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information pursuant to Paragraphs 4(c), 4(d) or 5(b).

7. A Party may designate those portions of the transcript of a deposition as Confidential Information pursuant to Paragraph 1 above by indicating on the record at the deposition that the testimony constitutes such Confidential Information and by providing the

appropriate designation.  A Party may also designate portions of the transcript of a deposition as Confidential Information by notifying all Parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential and by providing the appropriate designation.

8. Any Party may introduce any Confidential Information into evidence in connection with any proceeding in this action, including motion papers, affidavits, briefs, exhibits, other papers, and depositions filed with the Court or at any hearing, conference, or trial before the Court, subject to the condition that the Party introducing any designated Confidential Information shall conform to Local Rule 79.2 and any other Court order regarding the filing of materials under seal.

9. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying the following:

    a. the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    b. where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    c. the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; and,

    d. the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court

10. In the event that any Party inadvertently fails to stamp or otherwise designate Confidential Information at the time of its production, any Party may thereafter stamp or otherwise designate it as Confidential Information provided that the designating Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. The Party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated information was disclosed in the interim and shall diligently attempt to retrieve all copies of the designated information distributed to persons other than those persons identified in Paragraphs 4 and 5. The designated information shall be subject to the provisions of this Order from the date written notice of the designation is provided.

11. Unless required to maintain the document by subpoena, summons, or other similar process, within sixty (60) days after the final conclusion of this action, including all appeals:

    a. Except as noted hereinafter for an archival copy, the receiving Party shall destroy all originals and copies of designated Confidential Information (including both non-electronic and electronic versions) and shall provide the designating Party or non-party with written confirmation of such destruction; or

    b. In the alternative, except as noted hereinafter for an archival copy, the receiving Party shall return all non-electronic originals and copies of designated Confidential Information to the designating Party or non-party and destroy all electronic copies of such

materials and shall provide the designating Party or non-party with written confirmation of such return or destruction.

Notwithstanding anything in this Paragraph to the contrary, each Party may retain an archival copy of designated Confidential Information, provided that it is retained with the appropriate designation and that it shall remain subject to this Order.

If required to maintain any designated Confidential Information after the conclusion of this action by subpoena, summons, or other similar process, the receiving Party may maintain such document without use or reference thereto, provided that the receiving Party shall return or destroy it and any copies of it when no longer subject to subpoenas, summons, or similar process or when it is otherwise permissible to return or destroy it.

The provisions of this Order shall survive the conclusion of this action unless otherwise agreed in writing by the Parties or by order of this Court.

12. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition shall be informed by counsel, through a statement on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition is and shall remain Confidential Information and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each Party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes videotape or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber or videographer or shall be delivered to the undersigned attorneys.

13. A Party shall not be obligated to challenge the propriety of a designation at the time made and a failure to do so shall not preclude a subsequent challenge. In the event that any

Party disagrees at any stage of this action with a designation, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation shall have the burden of moving the Court for an order deeming the information not to be Confidential Information as defined in Paragraphs 1 and 2 above and to remove or change the designation. The motion shall be made within 10 days of written notice from the challenging Party that the Parties have reached an impasse regarding confidentiality of the document(s) in question. Any information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall remain subject to the terms of this Order during the resolution of any dispute pursuant to this Paragraph.

14. Nothing shall prevent disclosures beyond the terms of this Order: (a) by the designating Party, (b) if the designating Party consents to such disclosure, or (c) if the Court, after notice to all affected Parties, enters an order permitting such disclosure.

15. This Order shall not be construed to prevent any person, including those persons identified in Paragraphs 4 and 5 above, from making use of information (a) lawfully in his or her possession prior to receipt from the designating Party or non-party and not otherwise subject to any obligation of confidentiality; (b) available in any material published to the general public; (c) obtained from a source or sources not under an obligation of confidentiality to the other designating Party or non-party; (d) obtained lawfully and independently of this action and not otherwise subject to any obligation of confidentiality; or (e) exempted from the operation of this Order by written consent of the designating Party or non-party.

16. If, in another action or proceeding, any person possessing Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the person receiving the subpoena, summons, or demand (a) shall, to the extent not

prohibited by law, give written notice by email within two business days of the receipt of such subpoena, summons, or demand to counsel for the Party or non-party that designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved. Nothing in this Order shall prevent any person or entity from disclosing or providing any Confidential Information pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency or grand jury, and the notification procedures set forth in subsection (b) of this paragraph shall not apply.

17. Nothing in this Order shall prevent any producing Party from seeking additional protection regarding the production, use, or disclosure of Confidential Information in connection with any hearing or other proceeding in this action. Nothing in this Order shall prevent any Party from opposing the production of any information for reasons other than confidentiality.

18. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**IT IS SO ORDERED.**

This the  18th   day of March, 2016.

The Honorable Louise W. Flanagan
United States District Court Judge

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order and Order Under Fed. R. Evid. 502(d) entered in the case captioned *Transportation Impact, LLC v. Donovan Marine, Inc., d/b/a Southern Marine*, Civil Action No. 4:15-CV-125-FL; has had an opportunity to review the Order; and is fully familiar with all of the terms of the Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Order.

_____

Print name: _____

Address: _____

           _____

           _____

Date signed: _____